UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RHEANNAH ORCUTT,

                         Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

DECISION & ORDER

17-CV-1072P

## PRELIMINARY STATEMENT

       Plaintiff Rheannah Orcutt ("Orcutt") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income Benefits and Disability Insurance Benefits ("SSI/DIB"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Docket # 8).

       Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 12, 15). For the reasons set forth below, this Court finds that the decision of the Commissioner is supported by substantial evidence in the record and is in accordance with applicable legal standards. Accordingly, the Commissioner's motion for judgment on the pleadings is granted, and Orcutt's motion for judgment on the pleadings is denied.

# DISCUSSION

## I.  Standard of Review

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent

they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity to perform [her] past work; and

(5) if not, whether the claimant retains the residual functional capacity to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t

3

step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

II.     **Parties' Contentions**

Orcutt contends that the ALJ's determination that she is not disabled is not supported by substantial evidence and is the product of legal error. (Docket ## 12, 17). First, she challenges the ALJ's Residual Functional Capacity ("RFC") assessment on the grounds that the ALJ improperly relied upon the unsupported opinion of consulting examiner Hongbiao Liu ("Liu"), MD. (Docket ## 12-1 at 12-16; 17 at 1-5). Next, Orcutt argues that the ALJ's error was compounded at step four when she determined that Orcutt was capable of performing her past relevant work without accounting for limitations overlooked by Liu, but otherwise supported by the record. (Docket ## 12-1 at 16-17; 17 at 5-7).

The Commissioner maintains that the ALJ properly relied upon Liu's opinion, which was consistent with and well-supported by the record. (Docket # 15-1 at 13-17). The Commissioner also maintains that the ALJ's step-four determination is supported by the record. (*Id.* at 17-20).

III.     **Analysis**

A.     **Physical RFC Assessment**

Orcutt contends that the ALJ's physical RFC assessment is not supported by substantial evidence because she relied upon a medical opinion that lacks support in the record. (Docket ## 12-1 at 12-16; 17 at 2-5). According to Orcutt, Liu's October 2015 medical opinion

4

cannot support the ALJ's RFC findings because Liu determined that Orcutt's deep tendon reflexes (DTRs) were "equal and physiologic" in all of her extremities and that Orcutt did not suffer from any sensory deficits. (*Id.*). These findings, Orcutt maintains, were directly contradicted by examinations performed by a neurological specialist, Peterkin Lee-Kwen ("Lee-Kwen"), MD, who evaluated Orcutt in October 2015 and again in 2016. (*Id.*). Upon examination, Lee-Kwen observed that Orcutt had distally impaired reflexes in all extremities and that she had decreased pin prick sensation in the lower back portion of her legs. (Tr. 260, 294).

An individual's RFC is her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir.1999) (quoting SSR 96–8p, 1996 WL 374184, *2 (1996)). In making an RFC assessment, the ALJ should consider "a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 221 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)). "To determine RFC, the ALJ must consider all the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and [p]laintiff's subjective evidence of symptoms." *Stanton v. Astrue*, 2009 WL 1940539, *9 (N.D.N.Y. 2009) (citing 20 C.F.R. §§ 404.1545(b)-(e)), *aff'd*, 370 F. App'x 231 (2d Cir. 2010).

Having reviewed the record, I find that Liu's opinion has substantial support in the record and that the ALJ did not err in relying upon it. As an initial matter, conflicts in the record are to be resolved by the ALJ. *Veino v. Barnhart*, 312 F.3d 578, 588-89 (2d Cir. 2002) ("[g]enuine conflicts in the medical evidence are for the Commissioner to resolve"). In her decision, the ALJ acknowledged that Lee-Kwen had observed decreased sensation and impaired

5

reflexes upon examination of Orcutt. (Tr. 34). The ALJ also summarized the results of Liu's examination of Orcutt. (*Id.*). After considering the record as a whole, the ALJ determined to give "significant weight" to Liu's opinion, finding that it was based upon his examination and experience and was "consistent with the record as a whole." (Tr. 36). By contrast, the ALJ gave "little weight" to Lee-Kwen's opinion that Orcutt was totally disabled, finding that Lee-Kwen had not provided a function-by-function assessment and that his opinion related to an issue reserved for the Commissioner. (*Id.*).

The medical records provide conflicting evidence regarding Orcutt's neurological symptoms. Although Orcutt sometimes complained of numbness, primarily in her hands, she repeatedly denied suffering from numbness or weakness in her lower extremities and was repeatedly assessed to have a normal gait and normal strength and stability in her upper and lower extremities. (Tr. 242, 245-46, 282, 387, 389, 390, 392-93, 395-96, 399, 402, 404, 409, 415, 419, 421, 425, 428, 431, 435, 439, 442-43, 444-45, 448, 451, 455, 459, 462, 466, 469, 472). Although Lee-Kwen assessed that Orcutt had decreased reflexes in all extremities and decreased sensation in her lower legs, Liu assessed that she had normal reflexes and sensation (Tr. 273), and Orcutt's physical therapist's examination demonstrated only some areas of hyposensitivity in her left leg and normal sensation in her other extremities. (Tr. 299-301). Contrary to Orcutt's contention, in view of the conflicting evidence in the record, the ALJ was entitled to rely upon Liu's opinion notwithstanding its apparent conflicts with Lee-Kwen's examination findings.[1] *See McGill v. Berryhill*, 2018 WL 1368047, *10 (E.D.N.Y. 2018) ("[a]lthough there are some

---

[1] I reject Orcutt's contention that the Commissioner's citation to information contained in medical records not specifically cited by the ALJ constitutes improper post-hoc rationalization. (Docket # 17 at 2). An ALJ is not required to cite to specific pages of the record in support of each of her findings. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) ("[a]n ALJ does not have to state on the record every reason justifying a decision[,] . . . [and] [a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered"). In any event, the ALJ discussed the medical record at length in her decision (Tr. 32-34, citing Exhibits 1F, 3F, 4F, 6F, 10F and 12F).

conflicting findings in the record, the ALJ's determination . . . is well supported in the record, and it is the ALJ's task to resolve genuine conflicts in the medical evidence"); *Bull v. Colvin*, 2014 WL 6627491, *6 (W.D.N.Y. 2014) ("[w]hen an ALJ is faced with multiple and genuinely contradictory medical opinions, it falls to the ALJ to weigh the totality of the evidence in the record, both medical and non-medical, in order to resolve the conflicts and make a proper RFC assessment").

Nor is there merit in Orcutt's contention that the conflicting examination findings of Liu and Lee-Kwen required the ALJ to recontact Lee-Kwen. (Docket ## 12-1 at 14-15; 17 at 4-5). As noted above, an ALJ's responsibilities include weighing conflicting evidence in the record. Simply stated, "[t]he mere fact that medical evidence is conflicting or internally inconsistent does not mean that an ALJ is required to re-contact a treating physician." *Micheli v. Astrue*, 501 F. App'x 26, 29 (2d Cir. 2012); *see Miller v. Comm'r of Soc. Sec.*, 2017 WL 4286295, *10 (N.D.N.Y. 2017) ("the presence of an evidentiary conflict does not categorically require the ALJ to seek further information[;] . . . it is the province of the ALJ to consider and resolve conflicts in the evidence as long as the decision rests upon adequate findings supported by evidence having rational probative force") (internal quotations omitted). In this case, substantial evidence supported the ALJ's determination to rely upon Liu's opinion in formulating her physical RFC; thus, no gap existed in the record and the ALJ had no duty to recontact Lee-Kwen or to obtain a functional assessment.[2] (Docket # 12-1 at 15-16).

---

[2] To the extent that Orcutt argues that the ALJ improperly elevated Liu's opinion over that of a treating physician, I disagree. (Docket ## 12-1 at 14; 17 at 3-4). Putting aside the dispute as to whether Lee-Kwen qualifies as Orcutt's treating physician, *see*, *e.g.*, *Patterson v. Astrue*, 2013 WL 638617, *8 (N.D.N.Y.) ("three examinations by [a physician] over the course of four months . . . does not constitute the type of 'ongoing relationship' that is required for finding that s/he is plaintiff's treating physician under the relevant regulations") (citing 20 C.F.R. §§ 404.1502, 416.902), *report and recommendation adopted*, 2013 WL 592123 (N.D.N.Y. 2013); *Cascio v. Astrue*, 2012 WL 123275, *3 (E.D.N.Y. 2012) (ALJ reasonably determined "that two isolated visits, approximately one year apart, did not constitute an 'ongoing treatment' relationship rising to the level necessary for [the physician] to qualify as a treating physician"), the ALJ provided good reasons for giving Liu's opinion significant weight and for

B.     **Assessment of Ability to Perform Past Work**

Orcutt also challenges the ALJ's determination that she was able to perform her past relevant work. (Docket ## 12-1 at 16-18; 17 at 5-7). According to Orcutt, the ALJ failed to properly inquire about the physical demands of her past relevant work. (*Id.*). I disagree.

"The regulations define 'past relevant work' as work performed within the preceding fifteen (15) years, performed long enough for the claimant to have learned how to do it, and which work constituted substantial gainful activity." *Kochanek v. Astrue*, 2010 WL 1705290, *10 (N.D.N.Y.) (citing 20 C.F.R. § 416.965), *report and recommendation adopted*, 2010 WL 1713438 (N.D.N.Y. 2010). "[I]n the fourth stage of the [disability] inquiry, the claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003). "[I]n order to determine at step four whether a claimant is able to perform her past work, the ALJ must make a specific and substantial inquiry into the relevant physical and mental demands associated with the claimant's past work, and compare these demands to the claimant's residual capabilities." *Matejka v. Barnhart*, 386 F. Supp. 2d at 204-05 (internal quotations omitted). In making this inquiry, "[a]n ALJ may rely on the claimant's statements, which 'are generally sufficient for determining the skill level[,] exertional demands and nonexertional demands of such work.'" *Kochanek v. Astrue*, 2010 WL 1705290 at *11 (quoting SSR 82-62, 1982 WL 31386, *3). "An administrative law judge also may consult with a vocational expert

---

discounting Lee-Kwen's opinion that Orcutt was disabled. (Tr. 36). *See Scitney v. Colvin*, 41 F. Supp. 3d 289, 302-03 (W.D.N.Y. 2014) (ALJ properly discounted opinion of treating physician that was inconsistent with the record as a whole, including the opinions of state consultative physicians and claimant's testimony of daily activities); *Molina v. Colvin*, 2014 WL 3925303, *2 (S.D.N.Y. 2014) (ALJ did not err in declining to credit opinion of treating physician where the "opinion was contradicted by 'other substantial evidence in the record,' including two other doctors' opinions"); *Atwater v. Astrue*, 2012 WL 28265, *4-5 (W.D.N.Y. 2012) (ALJ properly found treating physician's opinion inconsistent with record as a whole where opinion conflicted with opinions of state agency medical consultants and was inconsistent with claimant's reported activities), *aff'd*, 512 F. App'x 67 (2d Cir. 2013).

witness who can provide evidence of 'physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.'" *Mathews v. Colvin*, 2014 WL 837712, *8 (N.D.N.Y. 2014) (quoting 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2)).

During the hearing, Orcutt testified about the physical demands of her prior relevant work. She testified that as a manager for a publications sales company she spent her day "mostly at a desk, sitting down." (Tr. 95). That position also required her to do some filing, training and walking around the office. (*Id.*). Orcutt testified that she also had previous employment in a sales customer service position, which primarily involved working at a desk using the telephone and a computer, and in another customer service position, which also involved using a computer at her desk most of the day, although she did interact with clients and attend meetings in conference rooms. (Tr. 96).

The record shows that both the ALJ and vocational expert Roxanne Benoit ("Benoit") questioned Orcutt about the physical requirements of her positions. (Tr. 95-96). The ALJ also asked Orcutt to explain why she believed she was unable to return to her previous work, and Orcutt testified that she was unable to sit or stand for extended periods. (Tr. 70). She also testified that her mental limitations, coupled with environmental variables affecting her back pain, precluded her from working consistently.[3] (Tr. 92).

The ALJ also elicited testimony from Benoit. (Tr. 92-101, 223). Based upon Orcutt's testimony, Benoit classified each of Orcutt's relevant past positions by a DOT number and title. She described the characteristics of those positions, including the exertional and skill

---

[3] Significantly, when questioned by the ALJ, Orcutt did not identify limitations in her ability to turn her head or to use her arms as reason she was unable to return to work. (Docket ## 12-1 at 17; 17 at 5; Tr. 70, 92). That testimony undercuts any argument to the contrary on this appeal.

levels, as the jobs are typically performed in the national economy and as they were actually performed by Orcutt based upon her testimony. (Tr. 96-97). Benoit testified that Orcutt previously worked as a sales and marketing manager under DOT number 163.117-910,[4] which characterizes the position as sedentary and highly skilled with an SVP of 8. (Tr. 97). According to Benoit, based upon Orcutt's testimony, the position as it was actually performed by Orcutt had an SVP of 5 or 6. (*Id.*). Benoit also testified that Orcutt had previously worked as a customer service representative under DOT number 249.362-026, which characterizes the position as sedentary and semi-skilled with an SVP of 4. (*Id.*). Benoit opined that an individual with Orcutt's limitations could perform her previous positions. (Tr. 98-100).

In sum, the ALJ compared Orcutt's RFC with the physical and mental demands of her previous work and concluded that Orcutt was "able to perform [the previous work] as actually and generally performed." (Tr. 36-37). I find that the ALJ adequately inquired as to the demands of Orcutt's previous employment and that her conclusion at step four is supported by substantial evidence in the record. *See Mathews v. Colvin*, 2014 WL 837712 at *8-9 (ALJ adequately inquired into mental demands of previous work where he elicited testimony from claimant regarding previous work responsibilities and consulted a vocational expert); *Strauss v. Astrue*, 2012 WL 1035715, *11 (D. Or. 2012) (ALJ satisfied duty by eliciting testimony from plaintiff that the physical demands of his previous job included "travel[ing] out of the office, carry[ing] boxes, and be[ing] out on the sales floor").

## **CONCLUSION**

After careful review of the entire record, this Court finds that the Commissioner's denial of SSI/DIB was based on substantial evidence and was not erroneous as a matter of law.

---

[4] As noted by Orcutt, the DOT number provided by the vocational expert is incorrect. (Docket # 17 at 5).

Accordingly, the ALJ's decision is affirmed. For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 15)** is **GRANTED**. Orcutt's motion for judgment on the pleadings **(Docket # 12)** is **DENIED**, and Orcutt's complaint (Docket # 1) is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                  *sMarian W. Payson*
                                                  MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
       November 15, 2018